UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 15-cv-400

| | |
|---|---|
| THE UNITED STATES OF AMERICA ) | |
| ex rel FERGUSON FIRE & ) | |
| FABRICATION, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| INTRAMCO, INC., TYLER ) | |
| CONSTRUCTION GROUP, ) | |
| INC. and LIBERTY MUTUAL ) | |
| INSURANCE COMPANY, ) | |
|     Defendants. ) | |

NOW COMES the Plaintiff, The United States of America ex rel Ferguson Fire & Fabrication, Inc. (hereinafter "Plaintiff" or "Ferguson") in part pursuant to 40 U.S.C. § 3131 et seq., complaining of the Defendants, alleges and says as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is a Virginia corporation properly authorized to transact business in the State of North Carolina. Plaintiff currently maintains a Registered Agent, Registered Office and place of business in Wake County, North Carolina.

2. Plaintiff is informed and believes and therefore alleges that the Defendant, Intramco, Inc. (hereinafter "Defendant Customer"), is a North Carolina corporation with a Registered Agent and Registered Office in Connellys Springs, Burke County, North Carolina.

3. Plaintiff is informed and believes and therefore alleges that the Defendant, Tyler Construction Group, Inc. (hereinafter "Defendant Contractor"), is a South Carolina corporation with is principal place of business in Columbia, South Carolina. Defendant Contractor maintains a Registered Agent and Registered Office in Harrisburg, Cabarrus County, North Carolina.

4. Plaintiff is informed and believes and therefore alleges that the Defendant Liberty Mutual Insurance Company (hereinafter "Defendant Surety") is a Massachusetts corporation registered with the North Carolina Department of Insurance and authorized to conduct business in the State of North Carolina.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1345. As previously stated, this action arises in part under 40 U.S.C. § 3131 (hereinafter referred to as "the Miller Act").

6. Venue is proper in the Eastern District of North Carolina, Western Division pursuant to 40 U.S.C. § 3131 as it is the District in which the Prime Contract (as defined below) was performed.

## COUNT ONE
## Breach of Subcontract

7. The allegations set forth above are incorporated herein by reference and realleged.

8. The Plaintiff provided fire and fabrication materials and other related goods and/or services to Defendant Customer, pursuant to a credit application executed by Defendant Customer (hereinafter "Credit Application"), for which Plaintiff has not been paid. A true and accurate redacted copy of said Credit Application is attached hereto as **Exhibit A** and incorporated herein by reference. Defendant Customer is indebted to Plaintiff in the amount of $43,383.44 for said fire and fabrication materials and other related goods and/or services as evidenced by the Statement of Account attached hereto as **Exhibit B** and incorporated herein by reference.

9. Defendant Customer has failed to pay Plaintiff for said fire and fabrication materials and other related goods and/or services despite Plaintiff's repeated demands for payment.

10. Plaintiff complied with all the terms and conditions of its contract with Defendant Customer. Defendant Customer has breached its contract with Plaintiff and has failed to pay Plaintiff for said materials and/or labor despite Plaintiff's repeated demands for payment.

11. As a result of its default, Defendant Customer is indebted to Plaintiff in the principal amount of $43,383.44, with interest at the contract rate of 18.0% per annum from October 30, 2014 until date of judgment and interest thereafter at 8.0% per annum until paid in full, reasonable attorney's fees in the amount of $6,607.51 and costs.

12. Defendant Customer is hereby given notice by Plaintiff of its intention to collect reasonable attorney's fees as allowed by the terms of the Credit Agreement and pursuant to N.C.G.S. 6-21.2 et seq. Defendant Customer is further notified by service of Summons and this Complaint that it has five (5) days from such date within which to pay the outstanding principal balance claimed due herein plus accrued interest without incurring liability for reasonable attorney's fees.

2

# COUNT TWO
## Miller Act Claim
### Fort Bragg, General Purpose Storage Building/Warehouse, Cumberland County, North Carolina

13. The allegations set forth above, including all Exhibits, are incorporated herein by reference and realleged.

14. Defendant Contractor and The United States of America, by and through the United States Army, as owner, entered into a contract (the Prime Contract") for the construction of a General Purpose Storage Building/Warehouse at Fort Bragg, Cumberland County, North Carolina (the "Project"). Defendant Contractor in turn subcontracted a portion of Defendant Contractor's scope of work on the Project to Defendant Customer.

15. Defendant Customer in turn subcontracted with Plaintiff to provide certain fire and fabrication materials and other related goods and/or services to be used in the completion of Defendant Customer's scope of work on the Project and to be used in the improvement of the Project.

16. Plaintiff provided fire and fabrication materials and other related goods and/or services to Defendant Customer to be used in the improvement of the Project and Defendant Customer has failed to pay Plaintiff $43,383.44 for said provision. Said materials were delivered to the Project and upon information and belief have been incorporated into the Project. Plaintiff has fully performed all of the terms and conditions of its subcontract with Defendant Customer and has not been informed of any defect in the fire and fabrication materials and other related goods and/or services and has not been informed of any set-offs or back charges being asserted by Defendant Customer, Defendant Contractor or Defendant Surety.

17. The Defendant Contractor, as principal, and Defendant Surety, as surety, executed a labor and material payment bond ("the Payment Bond") for the use and benefit of all persons furnishing labor and materials for the completion of the Prime Contract and for the improvement of the Project. A true and accurate copy of said payment bond is attached hereto as **Exhibit C** and incorporated herein by reference.

18. Plaintiff, having a direct contractual relationship with Defendant Customer is one of the parties entitled to protection under the Payment Bond as set forth in 40 U.S.C. § 3133(b)(2).

19. As more fully set out above, Plaintiff has not been paid in full for its provision of materials to the Project.

20. Plaintiff gave written notice of its claim on the above-referenced Payment Bond to the Defendant Contractor within 90 days of its last date of furnishing of labor and/or materials to Defendant Customer as required by 40 U.S.C. § 3133(b)(2). The Plaintiff's notice was sent to Defendant Contractor via certified mail, return receipt requested.

21. Plaintiff has complied with all terms and conditions of the aforementioned Payment Bond, as well as 40 U.S.C. § 3133(4) and has brought this action within one year of Plaintiff's last date of furnishing of materials and labor to the Project.

22. Plaintiff has made demands for payment on Defendant Customer and Defendant Contractor and each have failed to pay the Plaintiff's claim.

23. Under the plain terms of the Payment Bond, Defendant Contractor and Defendant Surety are jointly and severally liable to the Plaintiff in the amount of $43,383.44, with interest and costs as allowed by applicable statute.

## COUNT THREE
### Violations of Federal Prompt Payment Act

24. The allegations set forth above, including all Exhibits, are incorporated herein by reference and realleged.

25. As more fully set out above, Defendant Customer has failed to pay Plaintiff for its provision of fire and fabrication materials and other related goods and/or services to be used in the completion of Defendant Customer's scope of work on the Project.

26. As a result of Defendant Customer's repeated and continual failure to remit payment to Plaintiff in a prompt and reasonable manner and as when Defendant Customer received payment from Defendant Contractor, Defendant Customer has become indebted to the Plaintiff in the principal amount of $43,383.44, and pursuant to 31 U.S.C. § 3901 et seq., Plaintiff is also entitled to recover accrued interest and penalties at the Federal rate on such late payments as prescribed by the Credit Agreement, the Prime Contract and applicable Federal Acquisition Regulations and/or other applicable laws.

**WHEREFORE** Plaintiff prays:

1. That it have and recover judgment on Count One against the Defendant Intramco, Inc., in the principal amount of $43,383.44, with interest at the rate of 18.0% per annum from October 30, 2014 until date of judgment and interest thereafter at 8.0% per annum until paid in full, reasonable attorney's fees in the amount of $6,507.51 and costs;

4

2. That it have and recover judgment on Count Two against the Defendant Tyler Construction Group, Inc. and Defendant Liberty Mutual Insurance Company, jointly and severally, in the amount of $43,383.44 with interest at 18% per annum from October 30, 2014 until the date of judgment and interest thereafter at 8.0% per annum paid in full, and costs;

3. That it have and recover judgment on Count Three against the Defendant Intramco, Inc. in the principal amount of $43,383.44, plus interest and penalties as allowed by the Prompt Payment Act pursuant to 31 U.S.C. § 3901 et seq.;

4. That the Plaintiff recover its attorney's fees and costs of all defendants as allowed by contract and/or by law; and

5. For such other and further relief as the court may deem just and proper.

This the 18th day of August, 2015.

SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, L.L.P.

By: /s/ Byron L. Saintsing
Byron L. Saintsing
North Carolina State Bar #16035
Counsel for Plaintiff Ferguson Fire &
Fabrication, Inc.
Post Office Box 26268
Raleigh, NC 27611
Phone: (919) 250-2000
Fax: (919) 250-2211
Bsaintsing@smithdebnamlaw.com

5