IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-400-BO

| | |
|---|---|
| THE UNITED STATES OF AMERICA EX REL FERGUSON FIRE & FABRICATION, INC., <br> Plaintiff, <br><br> v. <br><br> INTRAMCO, INC., TYLER CONSTRUCTION GROUP, INC., AND LIBERTY MUTUAL INSURANCE COMPANY, <br> Defendants. | **O R D E R** |

This matter comes before the Court on plaintiff's motion for default judgment and defendants' motion to amend their answers and add an additional party, both of which are ripe for ruling. For the following reasons, the motion for default judgment is denied without prejudice and the motion to amend is denied.

## BACKGROUND

In March 2013, Defendant Tyler Construction group (Tyler) entered into a contract (the Prime Contract) with the United States of America via the United States Army for the construction for a storage building at Fort Bragg, Cumberland County, North Carolina. Tyler subcontracted a portion of its work to defendant Intramco, Inc. (Intramco), who subcontracted with plaintiff Ferguson Fire & Fabrication, Inc. (Ferguson) to provide fire suppression and fabrication materials and related goods and services for the project. Tyler and defendant Liberty Mutual Insurance Company (Liberty Mutual) executed a labor and material bond on March 28,

2013, for the use and benefit of all persons furnishing labor and materials for completion of the Prime Contract and for the improvement of the project.

Ferguson provided the materials to Intramco pursuant to a credit application. Ferguson now alleges that Intramco failed to pay for the materials and thus has breached its subcontract. Ferguson alleges in its complaint, filed on August 18, 2015, that it is owed $43,383.44 on the contract, with interest at the contract rate of 18% per annum from October 30, 2014, until the date of judgment and interest thereafter at 8% per annum until paid in full, reasonable attorney's fees in the amount of $6,607.51 and costs. Ferguson brings claims for breach of contract and violation of the Federal Prompt Payment Act against Intramco, and for violation of the Miller Act against Tyler and Liberty Mutual.

Tyler and Liberty Mutual filed their answers on September 18, 2015, in which both admitted that Tyler contracted with Intramco. On October 23, 2015, default was entered against Intramco for failing to file a responsive pleading. The parties filed their joint Rule 26(f) Report on November 11, 2015, and exchanged Rule 26(a)(1) initial disclosures on November 18, 2015, and November 24, 2015. On November 24, 2015, plaintiff filed its motion for default judgment as to Intramco. On November 30, 2015, defendants filed their motion to amend the pleadings.

## DISCUSSION

1. *Default Judgment*

Federal Rule of Civil Procedure 55(b) provides for the court's entry of default judgment against defendants who have failed to plead or defend their case. While Rule 55(b)(1) provides that the Clerk may enter default where the plaintiff's claim is for a sum certain, here, plaintiff requests attorneys' fees in addition to the sum certain requested in its complaint. Accordingly, the Court addresses plaintiff's motion under Rule 55(b)(2). As such, Local Civil Rules 7.1 and 7.2 require a memorandum in support of the motion, which plaintiff has not submitted.

2

Upon entry of default by the Clerk, the facts alleged by plaintiff in its complaint are deemed admitted. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). However, the Court decides whether those admitted facts actually support the claim alleged and the relief sought when determining whether to enter default judgment. *Id.* Though the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter defaults be avoided," *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted), default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005).

Without a memorandum in support, the Court cannot determine whether the facts support the claim alleged and whether the damages can be ascertained in a sum certain. Plaintiff has made no effort to explain how the allegations in its complaint, if deemed true, support the claims alleged. Indeed, the motion makes no reference to either the claim for breach of contract or the claim for violation of the Prompt Payment Act. Moreover, the Court is troubled by discrepancies and omissions in the pleadings and the motions. For example, plaintiff's complaint requests post-judgment interest in the rate of 8% per annum and the motion for default judgment requests post-judgment interest in the rate of .25% per annum. Plaintiff does not explain the discrepancy. Nor does plaintiff address the legal standard for receiving attorneys' fees. Accordingly, plaintiff's motion for entry of default judgment is denied without prejudice to re-filing with an accompanying memorandum that gives a more thorough accounting of the propriety of default judgment on each claim and the damages owed.

3

2. *Motion to Amend*

Defendants Tyler and Liberty Mutual request leave of the Court to file an amended answer and add an additional party, David Bibb d/b/a/ Intram Company. In support of their request, defendants allege that Tyler subcontracted with Intram Company, rather than Intramco. Again, defendants do not include with their motion any type of memorandum, in violation of Local Civil Rules 7.1 and 7.2. The bare bones motion is difficult to comprehend, but it appears that defendants contracted with Intram Company, which is not a corporation in good standing with the North Carolina Department of the Secretary of State, while Intramco is active and in good standing therewith. Defendants apparently failed to notice this contractual relationship until they reviewed the Secretary of State's office website at some unknown date after the original answers were filed.

Leave to amend a pleading should be freely given as justice requires. Fed. R. Civ. P. 15(a)(2). A court should only deny leave to amend a pleading when the amendment would be prejudicial to the opposing party, where there has been bad faith on the part of the moving party, or when the amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citation omitted). Plaintiff argues that amendment would both be futile and prejudicial. The Court agrees.

There is no allegation that a separate contract or an arm's length contract exists between Intram Company and Intramco. Furthermore, because Mr. Bibb and Francis Bibb appear to own both companies, they would be collapsed into the same tier in the contractual chain for purposes of the Miller Act. *United States for the use of Global Bldg. Supply, Inc. v. WNH Ltd. P'ship*, 995 F.2d 515, 519–20 (4th Cir. 1993). As such, amendment would be futile.

4

Moreover, defendants could have ascertained the information underlying the requested amendment at an earlier time, given that Intram Company has been defunct since 1994. Defendants filed their answers admitting that Tyler contracted directly with Intramco, obtained a scheduling order, and served their Rule 26(a)(1) initial disclosures before raising the alleged issue. Plaintiff has relied upon defendants' initial answer, and allowing the motion to amend would essentially restart the litigation and ultimately prove futile, thereby prejudicing plaintiffs. Accordingly, defendants' motion is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment [DE 20] is DENIED WITHOUT PREJUDICE, and defendants' motion to amend [DE 21] is DENIED.

SO ORDERED, this 21 day of January, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE